EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Hons. María M. Charbonier Laureano; Waldemar Quiles Rodríguez; Pedro J. Santiago Guzmán; Luis G. León Rodríguez<br><br>Peticionarios<br><br>v.<br><br>Hon. Alejandro García Padilla, Gobernador de Puerto Rico<br>Hon. César A. Miranda Rodríguez, Secretario de Justicia<br>Hon. Ana Ríus Armedáriz, Secretaria de Salud<br><br>Recurridos | Certificación<br><br>2015 TSPR 93<br><br>193 DPR ____ |

Número del Caso: CT-2015-7

Fecha: 16 de julio de 2015

Materia: Resolución con Voto

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Hons. María M. Charbonier Laureano; Waldemar Quiles Rodríguez; Pedro J. Santiago Guzmán; Luis G. León Rodríguez<br><br>Peticionarios<br><br>v.<br><br>Hon. Alejandro García Padilla, Gobernador de Puerto Rico<br>Hon. César A. Miranda Rodríguez, Secretario de Justicia<br>Hon. Ana Ríus Armedáriz, Secretaria de Salud<br><br>Recurridos | CT-2015-0007 | Certificación Intrajurisdiccional |

RESOLUCIÓN

San Juan, Puerto Rico, a 16 de julio de 2015

Examinada la *"Moción en Auxilio de Jurisdicción"* así como el *"Recurso de Certificación Intrajurisdiccional"* presentados por la parte peticionaria de epígrafe, se provee no ha lugar a ambas.

Notifíquese por teléfono y facsímil.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo. La Juez Asociada señora Rodríguez Rodríguez emitió un Voto Particular de Conformidad al que se une la Jueza Asociada Oronoz Rodríguez. La Jueza Asociada señora Pabón Charneco certificaría el asunto de epígrafe e hizo constar las siguientes expresiones:

"Al igual que en otras ocasiones, por ser un caso de alto interés público y en el que solo existen controversias de derecho, hubiera certificado el caso de autos. *Véase, Rivera Schatz v. ELA, et als.* 191 DPR 449 (2014); *AMPR et als. v. Sist. Retiro Maestros II*, 190 D.P.R. 88 (2014). No obstante, es mi opinión que ante el derecho aplicable, los peticionarios no tienen probabilidad de prevalecer en los méritos de la controversia, por lo que conviene atenderla inmediatamente para no dilatar más los procedimientos en nuestros tribunales.

En el esquema constitucional federal, Puerto Rico es un territorio de Estados Unidos sujeto a los poderes plenarios del Congreso por virtud de la Cláusula Territorial de la Constitución federal. *Harris v. Rosario*, 446 US 651 (1980); *Franklin California Tax-Free v. Puerto Rico*, 2015 WL 4079422 (1er Cir. 2015); *Pueblo v. Sánchez Valle*, 2015 TSPR 25. Siendo ello así, el Tribunal Supremo federal ha decidido que las garantías constitucionales que se denominen como fundamentales aplican a Puerto Rico por su propia fuerza, **ya sea por virtud de la Decimocuarta o de la Quinta Enmienda de la Constitución federal.** *Torres v. Com. of Puerto Rico*, 442 US 465, 471 (1979).

El 26 de junio de 2015 el Tribunal Supremo federal resolvió el caso *Obergefell v. Hodges*, 2015 WL 2473451. En este se determinó que al amparo del interés libertario garantizado por la cláusula de debido proceso de ley de la Decimocuarta Enmienda de la Constitución federal, existe un derecho fundamental al matrimonio. Es decir, la decisión de nuestro más alto foro judicial fue diáfana al reconocer un derecho fundamental que emana del debido proceso de ley, el cual se garantiza tanto en la Decimocuarta como en la Quinta Enmienda de la Constitución federal. Por lo tanto, soy del criterio que lo resuelto en *Obergefell v. Hodges*, supra, aplica *ex proprio vigore* al territorio de Puerto Rico.

La Rama Judicial del territorio de Puerto Rico, al igual que los tribunales de los estados de la unión, no tiene poder para revisar o cuestionar una decisión del Tribunal Supremo federal."

El Juez Asociado señor Kolthoff Caraballo expediría para pautar. El Juez Asociado señor Rivera García desea hacer constar la siguiente expresión: Entiendo que el recurso de certificación intrajurisdiccional peticionado se trata de un asunto de alto interés público concerniente a una controversia de estricto derecho para la cual los peticionarios/demandantes aducen argumentos que bajo el actual estado de derecho son improcedentes a la luz de la opinión emitida por el Tribunal Supremo de los Estados Unidos en *Obergefell v. Hodges*, 576 U.S. __, 2015 WL 24733451. En el referido caso, la Corte Suprema Federal específicamente resolvió que la prohibición del matrimonio entre parejas del mismo sexo es inconstitucional. Esto fundamentado en las garantías propias de libertad y debido proceso de ley cobijadas en la Decimocuarta Enmienda de la

Constitución de los Estados Unidos. Es innegable que dictámines como el anterior aplican al territorio de Puerto Rico. Véase, e.g., *Examining Bd. Of Engineers, Arquitects and Surveryors v. Flores de Otero*, 426 U.S. 572, 600 (1976). Siendo así, cualquier disposición en nuestro ordenamiento que no sea cónsona con ello, ha perdido cualquier validez jurídica. Puerto Rico no puede negarse a reconocer los matrimonios entre la personas del mismo sexo. Ese es el derecho vigente y según el cual <u>*todos*</u> los tribunales, incluyendo esta Curia, deben regirse. En atención a lo anterior, expediría el recurso solicitado y finiquitaría la controversia de forma expedita.


Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Hons. María M. Charbonier Laureano; Waldemar Quiles Rodríguez; Pedro J. Santiago Guzmán; Luis G. León Rodríguez<br><br>Peticionarios<br><br>v.<br><br>Hon. Alejandro García Padilla, Gobernador de Puerto Rico<br>Hon. César A. Miranda Rodríguez, Secretario de Justicia<br>Hon. Ana Ríus Armedáriz, Secretaria de Salud<br><br>Recurridos | CT-2015-0007 | Certificación Intrajurisdiccional |

Voto Particular de Conformidad emitido por la Juez Asociada señora Rodríguez Rodríguez al que se une la Jueza Asociada Oronoz Rodríguez

San Juan, Puerto Rico, a 16 de julio de 2015

Cuando los funcionarios del Estado promueven una acción para negarles a sus ciudadanos las protecciones que dispensa la Constitución e impedirles el ejercicio de un derecho fundamental palmariamente reconocido al amparo de ésta, no cabe duda de que nuestro ordenamiento constitucional está bajo asedio. Más aun, cuando para ello esgrimen argumentos harto artificiosos que, a lo sumo, denotan un desconocimiento alarmante de las normas cardinales que rigen nuestro ordenamiento constitucional. Así, dado que el recurso de epígrafe pretende impedir la efectiva materialización de un derecho fundamental debidamente reconocido bajo la Constitución federal, la cual indefectiblemente vincula los poderes públicos del

Estado Libre Asociado de Puerto Rico (ELA), me veo obligada a suscribir este voto particular de conformidad. Ello, con el fin de atender el asunto principal planteado en el caso de epígrafe, a saber, la aplicabilidad, en nuestra jurisdicción, de lo resuelto por el Tribunal Supremo federal en *Obergefell et al. v. Hodges*, No. 14-556, __ S.Ct. __, 2015 WL 24733451 (26 de junio de 2015).

## I

El 26 de junio de 2015, el Tribunal Supremo de los EEUU, en *Obergefell*, resolvió que la prohibición de matrimonios de parejas del mismo sexo es inconstitucional, en virtud de la libertad protegida por la cláusula del debido proceso de ley de la Decimocuarta Enmienda. Ello, en la medida en que tal prohibición incide en el legítimo ejercicio del derecho fundamental a contraer nupcias, esto es, al matrimonio. Asimismo, dicho foro aludió al principio de igualdad contenido en esa enmienda como fundamento ulterior de lo allí resuelto. Véase *Obergefell*, No. 14-556, *slip op.*, en la pág. 22 ("[T]he right to marry is a fundamental right inherent in the liberty of the person, and under the Due Process and Equal Protection Clauses of the Fourteenth Amendment couples of the same-sex may not be deprived of that right and that liberty.").

Así las cosas, el 9 de julio de 2015, los peticionarios[1] presentaron una demanda contra el ELA y varios de sus funcionarios. En ésta, alegaron que lo resuelto por el Tribunal Supremo de los EEUU en *Obergefell* no aplica en la jurisdicción del ELA, puesto que éste es un territorio y no un estado sujeto a las limitaciones que supone la Decimocuarta Enmienda de la Constitución federal. Es decir, los peticionarios argumentaron que la presunta condición territorial del ELA es un fundamento legítimo para distinguir la decisión del Tribunal Supremo federal, puesto que ésta se fundamentó en la Decimocuarta Enmienda, la cual es únicamente aplicable a los estados.

Además, solicitaron que se paralizaran los efectos de la Orden Ejecutiva OE-2015-021, mediante la cual el Gobernador del ELA –Hon. Alejandro García Padilla- ordenó a las agencias e instrumentalidades de la Rama Ejecutiva que atemperaran sus procedimientos administrativos con tal de acatar lo resuelto por el máximo foro federal en *Obergefell*. Adujeron, pues, que la orden ejecutiva en cuestión es inconstitucional, toda vez que contraviene la doctrina de separación de poderes.

El 10 de julio de 2015, por su parte, el Tribunal de Primera Instancia emitió una orden, en la que denegó la solicitud de paralización presentada por los peticionarios. Asimismo, el foro primario determinó que la controversia

---

[1] A saber, los legisladores María M. Charbonier Laureano, Waldemar Quiles Rodríguez, Pedro J. Santiago Guzmán y Luis G. León Rodríguez.

planteada por los peticionarios era una de estricto Derecho. Por ende, concedió a los demandados un término de cinco (5) días para que éstos expresaran su postura.

Inconformes, el 13 de julio de 2015, los peticionarios recurrieron de esta orden ante este Tribunal, a través de un recurso de certificación intrajurisdiccional, acompañado de una moción en auxilio de jurisdicción. En éstos, se limitan a reiterar los argumentos presentados ante el foro primario y, en consecuencia, solicitan que este Tribunal obvie el trámite juridicial ordinario y atienda las controversias planteadas en primera instancia.

El ELA, por su parte, se opuso y señaló, entre otros particulares, que no se satisfacían los requisitos para la expedición del recurso de certificación intrajurisdiccional ni de la moción en auxilio de jurisdicción. Además, cuestionó los méritos de los planteamientos esbozados por los peticionarios, así como la legitimación activa de éstos.

Hoy, una mayoría de este Tribunal rechaza la invitación que le cursaran los peticionarios. En el mejor de los casos, tal rechazo no es más que un reconocimiento tácito de cuán inmeritorios –acaso frívolos– son los planteamientos que aducen los peticionarios. Así, con tal de disipar cualquier duda respecto a éstos, conviene dilucidar someramente la controversia medular que presenta el recurso de epígrafe: lo resuelto por el Tribunal Supremo de los EEUU en *Obergefell*, ¿aplica al ELA?

## II

De entrada, conviene destacar que el ámbito de libertad protegido por la Decimocuarta Enmienda, en virtud de la cláusula del debido proceso de ley, es virtualmente idéntico a aquél protegido por la Quinta Enmienda. Véase, por ejemplo, *Wallace v. Jaffree*, 472 U.S. 38, 48-49 (1985); Erwin Chemerinsky, *Constitutional Law. Principles and Policies* 506-07 (3ra ed. 2006).[2] Por tanto, es indudable que la vertiente sustantiva del debido proceso de ley que tutela la Decimocuarta Enmienda limita las prerrogativas de los estados en la misma extensión que la cláusula análoga de la Quinta Enmienda, la cual hace lo propio respecto al gobierno federal. Chemerinsky*, supra*, pág. 507 ("From a practical perspective, except for the requirements of a 12-person jury and a unanimous verdict, the Bill of Rights provisions that have been incorporated apply to the states exactly as they apply to the federal government.").

En lo que atañe al ELA, y en atención a su particular situación dentro del andamiaje constitucional norteamericano,[3] el Tribunal Supremo de los EEUU ha dicho expresamente que las protecciones que consagra la cláusula

---

[2] En otros contextos, además, se ha reiterado que incluso los derechos fundamentales incorporados a través de la cláusula del debido proceso de ley de la Decimocuarta Enmienda tienen la misma extensión que sus formulaciones originales en las primeras diez enmiendas de la Constitución federal (llamadas, en conjunto, *Bill of Rights*). Véase, por ejemplo, *McDonald v. City of Chicago*, 561 U.S. 742, 766 (2010); *Malloy v. Hogan*, 378 U.S. 1, 10-11 (1964).

[3] Véase, por ejemplo, *Examining Bd. of Engineers v. Flores de Otero*, 426 U.S. 572, 596 (1976) ("We readily concede that Puerto Rico occupies a relationship to the United States that has no parallel in our history . . . .").

del debido proceso de ley -dimane ésta de la Decimocuarta o de la Quinta Enmienda- limitan los poderes públicos que éste ejerce dentro de sus límites territoriales.

> The Court's decisions respecting the rights of the inhabitants of Puerto Rico have been neither unambiguous nor exactly uniform. The nature of this country's relationship to Puerto Rico was vigorously debated within the Court as well as within the Congress. Coude, The Evolution of the Doctrine of Territorial Incorporation, 26 Col.L.Rev. 823 (1926). *It is clear now, however, that the protections accorded by either the Due Process Clause of the Fifth Amendment or the Due Process and Equal Protection Clauses of the Fourteenth Amendment apply to residents of Puerto Rico.* The Court recognized the applicability of these guarantees as long ago as its decisions in *Downes v. Bidwell*, 182 U.S. 244, 283-284, 21 S.Ct. 770, 785, 45 L.Ed. 1088 (1901), and *Balzac v. Porto Rico*, 258 U.S. 298, 312-313, 42 S.Ct. 343, 348, 66 L.Ed. 627 (1922). The principle was reaffirmed and strengthened in *Reid v. Covert, 354 U.S. 1, 77 S.Ct. 1222, 1 L.Ed.2d 1148 (1957)*, and then again in *Calero-Toledo*, 6 U.S. 663, 94 S.Ct. 2080, 40 L.Ed.2d 452 (1974), where we held that inhabitants of Puerto Rico are protected, under either the Fifth Amendment or the Fourteenth, from the official taking of property without due process of law.

> *Examining Bd. of Engineers v. Flores de Otero*, 426 U.S. 572, 599-601 (1976). Véase, también, *Torres v. Com. Of Puerto Rico*, 442 U.S. 465, 471 (1979); *Caledo-Toledo v. Pearson Yacht Leasing Co.*, 416 U.S. 663, 668 n. 5 (1974).

En consecuencia, no existe controversia en torno a la aplicación de la cláusula del debido proceso de ley en el ELA, al margen de si ésta proviene de una enmienda u otra. La indeterminación respecto a la enmienda en virtud de la cual la cláusula en cuestión aplica al ELA es, en cualquier caso, inocua. Esto, ya que, según se dijo, dicha cláusula, en ambas enmiendas, tiene el mismo alcance.

Por otro lado, el Tribunal Supremo federal ha reconocido que el matrimonio es un derecho fundamental al amparo de la libertad protegida por la cláusula del debido proceso de ley, en su vertiente sustantiva. Véase *Obergefell*, No.14-556, *slip op.*, en las págs. 22-23; *U.S. v. Windsor*, 133 S.Ct. 2675, 2695 (2013); *Zablocki v. Redhail*, 434 U.S. 374, 384 (1978); *Loving v. Virginia*, 388 U.S. 1, 12 (1967). Véase, además, Chemerinsky, *supra*, págs. 798-801. Así, es imperativo concluir que el derecho a contraer nupcias es uno de carácter fundamental con independencia de la enmienda de la Constitución federal que se invoque para su vindicación. Por ende, dado que el ámbito de protección de tales enmiendas es virtualmente el mismo, es inmeritorio cualquier planteamiento que pretenda distinguir entre una enmienda y otra, so pena de atentar contra el carácter fundamental del derecho en cuestión. Valga enfatizar que lo verdaderamente fundamental en ese derecho es el reconocimiento que supone de la libertad individual que la vertiente sustantiva del debido proceso de ley protege.

## III

En consideración de lo anterior, es innegable que lo resuelto por el Tribunal Supremo federal en *Obergefell* es aplicable en el ELA, sea bajo la Quinta o la Decimocuarta Enmienda. Más aun, dado el carácter fundamental del derecho concernido, éste aplicaría al ELA incluso bajo la lógica de los *Casos insulares*. Según ésta, la Constitución federal no

aplica *ex proprio vigore* a los territorios no incorporados, salvo lo atinente a derechos fundamentales. Véase, por ejemplo, *Flores de Otero*, 426 U.S. en la pág. 599 n. 30; Efrén Rivera Ramos, *The Legal Construction of Identity. The Judicial and Social Legacy of American Colonialism in Puerto Rico* 91 (2001); Efrén Rivera Ramos, *The Legal Construction of American Colonialism: The Insular Cases (1901-1922)*, 65 Rev. Jur. U.P.R. 225, 261 (1996). En consecuencia, establecido el carácter fundamental del derecho que nos ocupa, la tutela de éste sería insoslayable en nuestra jurisdicción. El planteamiento sustantivo de los peticionarios, por tanto, es patentemente inmeritorio. Lo resuelto por el Tribunal Supremo de los EEUU en *Obergefell*, en tanto reafirma el carácter fundamental del derecho al matrimonio y en cuanto delimita la extensión de éste, es incuestionablemente aplicable en el ELA.

## IV

Por los fundamentos previamente expuestos, y puesto que los argumentos sustantivos de los peticionarios carecen de mérito alguno, estoy conforme con la determinación de proveer *no ha lugar* tanto al recurso de certificación intrajurisdiccional como a la moción en auxilio de jurisdicción.


                              Anabelle Rodríguez Rodríguez
                              Juez Asociada